Daniel, J.
delivered the opinion of the Court.
The bill being regularly -taken for confessed as to the defendant Douthatt, and it being therein distinctly averred that the said defendant, at the time of the purchase of the two tracts of land in the bill and proceedings mentioned, from Woolwine, had notice .that the balance of the purchase money claimed by the appellee as due from the said Woolwine to him, was still .due and unpaid; and it being proved that the appellant Alford purchased the tract of one hundred and sixty .acres from Douthatt, with notice that said balance was still due and unpaid, this Court is of opinion that the Circuit court properly regarded said balance as a lien on both of said tracts of land. But as it appears, that at the date of Alford’s purchase, Douthatt still retained the tract of one hundred and fifty acres, this Court is of opinion that Alford had a right to insist that said last mentioned tract should be sold, and the proceeds applied in discharge of the lien aforesaid, before any resort should be had to .the tract purchased by him ; and therefore that the Circuit court erred in directing both of said tracts to be sold, and the balance aforesaid, to be raised rateably from the .two. This Court is further of opinion, that the Circuit .court also erred in directing the sale aforesaid to be made for cash, instead of upon a reasonable *93 credit. The decree of the 21st August 1845, is for these reasons reversed with costs. And it being averred in the answer of Wool-wine, and also stated in the affidavit of Douthait, that one Jeremiah Kyle has since the institution of the suit, purchased and obtained a conveyance of the tract of one hundred and fifty acres, the cause is remanded, for further proceedings in conformity with the principles above declared, and with liberty to the appellee Helms, if so advised, to amend his bill and make the said Kyle a party.